UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEGUANG SUN, <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS et al., <br><br> Defendants. | CASE NO. 2:23-cv-00863-LK <br><br> ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on Defendants' Status Report and Motion to Stay, which provides an update on the status of this Administrative Procedure Act case and seeks to stay the matter until May 9, 2024 while U.S. Citizenship and Immigration Services ("USCIS") adjudicates Plaintiff Yeguang Sun's asylum application. *See generally* Dkt. No. 12.

On August 17, 2023, United States Magistrate Judge Michelle L. Peterson granted the parties' stipulated motion to hold the case in abeyance and ordered the parties to file a joint status report by December 19, 2023. Dkt. No. 8 at 3. Although counsel for the Government attempted to contact Mr. Sun multiple times by email and mail regarding continuing the stay and filing the joint status report, Mr. Sun has not responded or filed anything with the Court since the parties' August

ORDER GRANTING MOTION TO STAY - 1

1  16, 2023 stipulated motion. Dkt. No. 6; Dkt. No. 14 at 2–3. Mr. Sun is reminded that he is required to comply with the Court's orders and rules and further noncompliance may result in the imposition of sanctions up to and including dismissal. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se parties "are subject to the same procedural requirements as other litigants.").

Defendants' status report and supporting declaration indicate that Mr. Sun's asylum interview was originally scheduled for August 22, 2023, but it was rescheduled for January 10, 2024 at Mr. Sun's request. Dkt. No. 13 at 1–2. USCIS "agrees to diligently work towards completing adjudication of the asylum application within 120 days of completion of [his] asylum interview, absent unforeseen or exceptional circumstances that would require additional time to complete adjudication." *Id.* at 2. Defendants request that the Court stay the matter in the interim because once Mr. Sun's asylum application is adjudicated, his claim will be resolved and this case will be moot. Dkt. No. 12 at 2.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Mr. Sun has not responded to the motion to stay, which the Court construes as an admission that the motion has merit. LCR 7(b)(2).

ORDER GRANTING MOTION TO STAY - 2

Regardless, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result of a stay. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS Defendants' unopposed motion to stay, Dkt. No. 12, STAYS this case until May 9, 2024, and ORDERS the parties to submit a joint status report on or before May 10, 2024.

Dated this 8th day of January, 2024.

*Lauren King*

Lauren King
United States District Judge