UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YEGUANG SUN,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALEJANDRO MAYORKAS et al.,<br><br>                    Defendants. | CASE NO. 2:23-cv-00863-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendants' Status Report and Motion to Dismiss, which states that U.S. Citizenship and Immigration Services ("USCIS") adjudicated and approved Plaintiff Yeguang Sun's asylum application on April 5, 2024. Dkt. No. 16 at 1; *see also* Dkt. No. 17 at 1; Dkt. No. 17-1 at 2–3. The Government notified Mr. Sun no later than April 11, 2024 that his asylum application had been approved. Dkt. No. 17-1 at 2–3.

USCIS moves to dismiss this case, arguing that Mr. Sun's request to compel the agency to adjudicate his application is moot. Dkt. No. 16 at 2 (noting that "there is nothing left to remedy concerning Sun's asylum application"); *see also* Dkt. No. 1 at 1 (Mr. Sun's complaint stating that "[t]his is an action for declaratory and injunctive relief and in the nature of a Mandamus to compel

agency action that has been unlawfully withheld"); *id.* at 5 (prayer for relief asking the Court to order USCIS to adjudicate Mr. Sun's asylum application, declare that the failure to do so is unlawful, and award "any and all other relief this Court deems just and proper"). USCIS argues that because the case is now moot, the Court lacks subject matter jurisdiction. Dkt. No. 16 at 3. Mr. Sun, who is proceeding pro se, has not responded to the motion, which the Court construes as an admission that the motion has merit. LCR 7(b)(2).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). When there is no longer an ongoing case or controversy, the matter is moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (quotation marks and citation omitted)). "Federal courts lack jurisdiction to consider moot claims," *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009), and they must dismiss matters when subject matter jurisdiction is lacking, Fed. R. Civ. P. 12(h)(3). Here, Mr. Sun has achieved the relief he sought, and he has not identified any further relief the Court can grant or any applicable exception to the mootness doctrine.

Accordingly, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 16, and DISMISSES this matter without prejudice.

Dated this 5th day of June, 2024.

*Lauren King*
Lauren King
United States District Judge